UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:12-00018-5 |
| | ) | Judge Trauger |
| CANISHA DENISE ALRED, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OF FORFEITURE CONSISTING OF $519,002.64 UNITED STATES CURRENCY MONEY JUDGMENTS

IT IS HEREBY ORDERED THAT:

1. As the result of the Court's acceptance of the Defendant Canisha Denise Alred's guilty plea as to Counts Three and Thirteen of the Indictment, for which the Government sought forfeiture, Defendant Canisha Denise Alred shall forfeit to the United States her interest in $519,002.64 United States currency and substitute assets if such currency could not be located (hereinafter collectively referred to as "Subject Property"). Said $519,002.64 United States currency is proceeds from the offense(s) of which Defendant was convicted and is forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982 and 28 U.S.C. § 2461(c).

2. The Court has determined, based on relevant and reliable evidence, including facts already in the record, the written plea petition, plea agreement dated September 24, 2012, and any additional evidence or information submitted by the parties, including the factual basis agreed to between the United States and Defendant Canisha Denise Alred at paragraph 8, pages 4 through 7 and related paragraphs 24 through 30 of the Plea Agreement, and the facts set forth at the plea colloquy on September 24, 2012 that the Subject Property is subject to forfeiture pursuant to 18 U.S.C. §§ 982 and 981and 28 U.S.C. § 2461, and that the Government has

established the requisite nexus between the $519,002.64 United States currency and the offense of conviction.

3. Upon the entry of this Order, the Attorney General (or his designee) and/or the Secretary of the Treasury (or his designee) is authorized to seize the Subject Property and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture in accordance with Fed. R. Crim. P. 32.2 (b)(3).

4. Pursuant to 21 U.S.C. § 853, Defendant shall forfeit to the United States the sum of $519,002.64 United States currency and, by virtue of this Order, personal Money Judgments in that amount shall enter against Defendant as to Counts Three and Thirteen. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Order of Forfeiture consisting of $519,002.64 Money Judgments shall become final as to Defendant at the time of sentencing, or before sentencing if Defendant consents, and shall be made part of the sentence and included in the Judgment. Pursuant to Rule 32.2(c)(1) "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

5. Neither the United States through the exercise of due diligence or Defendant have, as of this date, identified specific assets that were derived from the $519,002.64 in proceeds attributable to the offenses for which Defendant has been convicted. Nor has the United States or Defendant yet identified any property of the Defendant that could be forfeited as a substitute asset in accordance with 21 U.S.C. § 853(p). Therefore, as a result of an act or omission of Defendant, said proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to or deposited with a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been co-mingled with other property which cannot be divided without difficulty. Therefore, the United States

may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $519,002.64 Money Judgments as to Counts Three and Thirteen to include substitute property having a value not to exceed $519,002.64 United States currency to satisfy the Money Judgments in whole or in part.

6. This Order of Forfeiture consisting of $519,002.64 Money Judgments against Defendant Canisha Denise Alred as to Counts Three and Thirteen shall be recorded in the records of the County Clerk's Office in the county of Defendant's residence and any and all other counties in which Defendant has either real or personal property as a lien thereon in the amount of $519,002.64 plus interest at the current legal rate computed daily and compounded annually until paid in full, as determined by the United States.

7. Upon payment of either Money Judgment in full, the United States shall file a satisfaction of judgments as to both money judgments with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

8. This Order is in continuing and full effect until payment of the $519,002.64 is made in full.

9. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this 21st day of ~~December~~, ~~2012~~. March, 2013.

_____
JUDGE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE